IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT, | | |
| | § | |
| VERSUS | § | CASE NO.:7:04CR00730-001 |
| | § | **M-06-002** |
| HUGO BALDERAS, | | |
| PEITIONER. | § | |

MOTION TO VACATE OR REDUCE SENTENCE PURSUANT TO
28 U.S.C. § 2255 AND MEMORANDUM IN SUPPORT

TO THE HONORABLE, RANDY CRANE, UNITED STATES DISTRICT JUDGE:

Comes Now, Hugo Balderas ("Petitioner"), herein by and through Pro-se representation and files Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum In Support and respectfully shows the Court as follows:

## I.   OVERVIEW

Petitioner was charged with possession, with intent to distribute, 11.4 kilograms of cocaine, on July 30, 2004. Petitioner pled guilty to count 2 on December 22, 2004. Although, no enhancements were alleged in the indictment, the district court found that petitioner was entitled to a gun enhancement pursuant to U.S.S.G. § 2D1.1. On May 13, 2005 Petitioner was sentenced to serve (46) fourty-six months followed by (4) four years of supervised release.

It should be stressed that over objection, trial counsel didn't file any gun enhancement objection. By failing to object during sentencing; is evidence that trial counsel didn't render effective assistance of counsel.

## II.   STATEMENT OF THE CASE

### A.   PROCEEDINGS BELOW

Petitioner was represented by Juan Antonio Solis. Petitioner pled guilty to count two of the indictment on December 22, 2005. Accordingly, the court adjudicated that Petitioner is guilty of the following offense:

| TITLE AND SECTION | NATURE OF OFFENSE | DATE OF OFFENSE | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841 (a) (1) 841 (b) (1)(A) and 18 U.S.C. 2. | Possession with Intent to Distribute 11.4 kilograms of cocaine | July 30, 2004 | 2 |

On May 13, 200 , Petitioner was sentenced to a term of fourty-six (46) months of incarceration foolowed by four (4) years of supervised release. This petition follows:

3

## FACTS OF THE CASE

On July 30, 2004, Petitioner and co-defendant, drove to Walmart parking lot. Co-defendant establisged a drug transaction sale namely cocaine with an informant. At approximately 2:00p.m., on the same day Petitioner as the "passenger", handed a black soprt bag carrying 11.4 kilograms of cocaine. The purity is unknown. Their was no arrest following the drug transaction.

On August 9, 2004, Petitioner was arreted following a search warrant in his house, at 1604 Washingtonia, San Juan, Texas. Supposidely, Petitioner role was the keeper of the drug stash house. It should be stressed that no drugs were reported. The only evidence was a hand gun which was located in a cloth dresser. However, Petitioner didn't accept ownership, or knowledge of the gun. Petitioner was arrested and was charged with possession, with intent to distribute, 11.4 kilograms of cocaine. The indictem t di not contain any enhacements.

4

## REQUEST FOR EVIDENTIARY HEARING

Petitioner bears the burden of proof on his allegations of ineffective assistance of counsel. Determination of some of the issues will require testimony, both from Petitioner and counsel, in order to insure that none of the trial counsel's failings were the result of sound strategy. Accordingly, Petitioner request a formal Evidentiary Hearing.

5

## STATEMENT OF THE ISSUES

**Issue One: Whether trial counsel rendered ineffective assistance of counsel for failing to object to a gun enhancement pursuant to U.S.C. § 2D1.1**

## STANDARD OF REVIEW: INEFFECTIVE ASSISTANCE OF COUNSEL

Review is under the standard of **Strickland vs Washington,** 466 U.S. 668 (1984). First, a petitioner must demonstrate that his attorney's performance must be "outside the wide range of professionally competent." If he succeeds in satisfying the first hurdle, then a Petitioner must also demonstrate that the deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different." See also, **Bryant vs Scott,** 28 F.3rd 1411 (1994).

A convicted defendant's claim that his counsel's assistance was so defective as to require reversal of a conviction has two components, each of which the defendant must show in order to set aside the conviction: (1) that counsel's performance was deficient, which requires a showing that counsel guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

6

U.S.S.G. § 2D1.1

Unlawful Manufacturing, Importing, or Traffiking Exporting, or Traffiking, (Including Possession With Intent To Commit these offense); Attempt or Conspiracy.

(b) Specific Offense Characteristics
(1) If a dangerous weapon (Including a firearm) was possessed, increase by two levels.

Weapon possession is established, for purposes of sentencing guideline permitting two-level increase in offesne level if dangerous weapon was possessed, if government proves by preponderance of evidence that temporal and spatial relation existed between weapon, drug activity, and defendant. **United States vs. Eastlanf**, C.A. 5 (TEX.) 1993, 989 F.2d 760.

7

Further, enhancement of base offense level for possession of firearm may be applied if weapon was present unless it is clearly imposible that weapon was not connected with the offense. See, **United States vs. Kyllo**, C.A. 9 (Or.) 1994, 37 F. 3d 526. Upon showing that weapon's location makes it readily available to protect participants or drugs and cash involved in drug busines, defendant in seeking to avoid enhancement of sentence under Sentencing Guidelines for possession of firearm during commission of drug offense, has burden to come forward with evidence demostrating the existence of special circumstances that would render it "clearly imposible" that weapon's presence had connection to the narcotics traffiking; See, **United States vs. Ovalle-Marquez**, C.A. 1 (Puerto Rico) 1994, 36 F.3d 212. More importantly, a firearm need not be integral part of defendant's offense; simple use or possession per se is justification for upward adjustment in defendant's base offense level pursuant to Sentencing Guidelines. See, **United States vs. Pofahl**, C.A. 5 (TEX.) 1993, 99 F.2d 1456.

Their was no strategic value for not filing any motion or objecting during sentencing of the gun enhancement. It should be stressed that in **United States vs. Booker**, Nos. 04-104, 04-105, 2005 Wl 50108.. (U.S. Jan. 12, 2005), the court said the guidelines are advisory, rather than mandatory. Further, the court informed that remedial scheme should apply not only to Petitioner's who raised claims under the Fifth or Sixth Amendment, but also those defendant's who had been sentenced under mandatory regime without suffering a constitutional violation.

8

One important point to consider is the fact that the drug transaction occurred on July 20, 2004 in Walmart's parking lot. Since no one was arrested, it is imposible to think and contrary to Fifth Circuit law, to imagine the gun was a posible factor during the drug transaction to secure the drug, money, or themselves. Petitioner was arrested on August 9, 2004 in his house following a seach warrant. No drugs were found on Petitioner's house. However, a gun was found in the cloth dersser but; Petitioner never acknowledge the gun and didn't accept resposibility of the gun. Trail Counsel should of brought this argument before the Honorable Court, as instructed by Petitioner. There was no strategic vlaue for not doing so; which cause prejudice to his case and sentence.

## CONCLUSION

Petitioner suplcate this Honorable Court to grant a (2) two point level reduction based on U.S.S.G. § 2D1.1. Petitioner has demostrated that trial counsel rendered ineffective assistance of counsel as the result will serve a miuch longer sentence.

Respectfully Submitted,

Dated On: 12-27-05

Hugo Balderas
BOP NO.: 38423-179
BSCC Air Park Unit
3700 Wright Avenue
Big Spring, Texas 79720

9

## CERTIFICATE OF SERVICE

I, Hugo Balderas, certify that on December 27, 2005 mailed Motion to Vacate , or Reduce Sentence Pursunant to 28 U.S.C. § 2255 and Memorandum  in Support, to: Eddie Leandro, Deputy-in-charge, Texas Commerce Center, Suite 1011,
1701 W. Busines Hyway 83, McAllen, Tx. 78501.


CC: Mari A. Ponte
    1701 W. Busines Hyway 83
    McAllen, Texas 78501

10

Hugo Balderas
BOP NO.: 38423-179
BSCC AirPARK UNIT
3700 WRIGHT5 AVENUE
BIG SPRING, TX 79720

2005

BIG SPRING CORRECTIONAL CENTER AIRPARK UNIT

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Eddie Leandro
Deputy-in Charge
Texas Commerce Center, Suite 10
1701 W. Business Highway 83
Mc Allen, TX 78501